UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

FREDERICK DIXON,

    Plaintiff,

v.

Case Number 1:07-CV-14204
HONORABLE THOMAS L. LUDINGTON
UNITED STATES DISTRICT JUDGE

DAN MINZEY, et. al.

    Defendants,
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

Plaintiff Frederick Dixon, presently confined at the Washtenaw County Jail in Ann Arbor, Michigan, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. For the reasons stated below, the Court will dismiss the complaint for failure to state a claim upon which relief can be granted and deny Plaintiff's motion for a temporary restraining order and/or injunctive relief.

I.

Plaintiff claims that the Washtenaw County Jail has denied him his constitutional right of access to the jail law library because the jail has a policy which only allows law library privileges for inmates representing themselves on the case for which they are currently incarcerated. In his motion for temporary restraining order and /or injunctive relief, Plaintiff indicates that he is currently charged with two counts of delivery or manufacture of controlled substances and being a fourth felony offender. Plaintiff further indicates that he is currently being represented by an attorney with the Washtenaw County Public Defender's Office, but seeks access to the law library to assist with his defense. Plaintiff seeks declaratory relief and monetary damages from this Court.

II.

A district court shall dismiss a *pro se* action if the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint fails to state a claim "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown*, 207 F. 3d at 867. *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612; *Goodell v. Anthony,* 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

A pro se litigant's complaint is to be construed liberally, *Middleton v. McGinnis*, 860 F. Supp. 391, 392 ( E.D. Mich.1994)(citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); that is, they are held to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Such complaints, however, must plead facts sufficient to show a legal wrong has been committed from which plaintiff may be granted relief. Fed.R.Civ.P. 12(b); *Dekoven v. Bell,* 140 F. Supp. 2d 748, 755 (E.D. Mich.2001).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir.1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir.2001).

III.

The fundamental constitutional right of access to courts requires prison authorities to assist inmates in the preparation and filing of legal papers by providing them with adequate law libraries or with assistance from persons trained in the law. *Bounds v. Smith*, 430 U.S. 817, 828 (1977).

While adequate law libraries are considered to be "one constitutionally acceptable method to assure meaningful access to the courts", the Supreme Court indicated that its decision in *Bounds* did not foreclose alternative means to achieve that goal. *Id.* at 830.

The Supreme Court's holding in *Bounds* does not, however, create an independent right of access to a law library or legal assistance program. *Penrod v. Zavaras,* 94 F. 3d 1399, 1403 (10th Cir. 1996). Thus, there is no prescribed amount of library time that must be provided to prisoners. *Barajas v. Waters,* 815 F. Supp. 222, 226 (E.D. Mich. 1993)(*citing to Walker v. Mintzes,* 771 F. 2d 920, 931 (6th Cir. 1985)). Instead, the "proper focus" is on an inmate's right of access to the courts and not necessarily on their right of access to a law library in jail or prison. *Id.* This Court must therefore determine whether Plaintiff has been denied meaningful access to the courts because of his inability to make use of the jail's law library.

In the present case, Plaintiff is currently represented by counsel, therefore, his right of access to the courts would not be impaired because of the fact that he was denied access to the jail's law library. The Sixth Circuit has held that "[a] prisoner's constitutionally-guaranteed right of access to the courts has been protected when a state provides that prisoner with either the legal tools necessary to defend himself, e.g., a state-provided law library, or the assistance of legally-trained personnel." *Holt v. Pitts,* 702 F. 2d 639, 640 (6th Cir. 1983). As long as a state provides legal counsel to assist a prisoner with his case, the state has fulfilled its obligation to provide a prisoner with access to the courts. *Id.* Therefore, as long as a prisoner has the assistance of counsel during a criminal trial, the denial of law library privileges to that prisoner does not violate due process or impair his access to the courts. *See United States v. Manthey,* 92 Fed. Appx. 291, 297 (6th Cir. 2004); *Skelton v. Pri-Cor, Inc*., 963 F. 2d 100, 104 (6th Cir. 1991); *Holt,* 702 F. 2d at 640; *See also*

*Thompson v. Elo,* 919 F. Supp. 1077, 1084 (E.D. Mich. 1996)(habeas petitioner's alleged lack of access to legal resources due to inadequate law libraries in prison did not provide cause for procedural default, in light of fact that petitioner was represented by counsel at trial and on direct appeal). Thus, Plaintiff has not alleged that Defendants' conduct deprived him of a federal right and he has not established a *prima facie* § 1983 claim.

Additionally, Plaintiff's complaint lacks an arguable basis in law, and the Court has no discretion in permitting Plaintiff to amend his complaint to avoid a sua sponte dismissal. *McGore,* 114 F.3d at 612. "If a complaint falls within the requirements of § 1915(e)(2) when filed, the district court should sua sponte dismiss the complaint." *Id.*

The Court will likewise deny Plaintiff's request for a temporary restraining order against the defendants in this case. When determining whether to issue temporary injunctive relief, a district court must consider four factors: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether the issuance of the injunctive relief would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of the injunctive relief. *See Marchwinski v. Howard*, 309 F. 3d 330, 333 (6th Cir. 2002). Plaintiff had not established a strong likelihood of success that Defendants violated his constitutional right and therefore he is not entitled to a temporary restraining order in this case. *See Sarah v. Thompson,* 109 Fed. Appx. 770, 772 (6th Cir. 2004).

IV.

Accordingly, it is **ORDERED** that the complaint [Dkt. # 1] is **DISMISSED** for failing to state a claim upon which relief can be granted pursuant to § 1915(e)(2)(B)(ii).

It is further **ORDERED** that the motion for temporary restraining order and/or injunctive relief [Dkt. # 3] is **DENIED.**

Based on the preceding order, this Court certifies that any appeal by Plaintiff would be frivolous and not in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Goodell,* 157 F. Supp. 2d at 802.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: October 29, 2007

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 29, 2007.

s/Tracy A. Jacobs
TRACY A. JACOBS